IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

RONY GUZMAN-MADRID,

Petitioner,

v.

Warden, Wyandotte County Detention Center;
Acting Director, ICE; and
Attorney General,

Respondents.

Case No. 26-3383-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **denied**.

Petitioner filed this action on October 7, 2026. In the petition, he alleges that on September 14, 2026, he was detained on an immigration charge, and that he has no criminal charges or convictions in the United States. He challenges his detention by immigration officials, claiming that his detention is unfair and violates due process because it does not serve a legitimate purpose, and that he has been denied a bond hearing in violation of due process and the immigration statutes. *See* 8 U.S.C. § 1226(a) (providing for discretionary release on bond from immigration detention prior to entry of a final removal order).

Respondents have filed an answer to the petition, but petitioner has failed to file a traverse or reply brief by the deadline of November 6, 2026.[1]

First, the petition is subject to dismissal because petitioner has not paid the applicable filing fee. He filed a motion to proceed *in forma pauperis*, without payment of the fee, but he failed to include the required statement from his institutional account. *See* D. Kan. Rule 9.1(g)(2)(A). The Court notified petitioner that if he failed to cure that deficiency by November 6, 2026, the case could be dismissed without further notice. That deadline has passed, and petitioner has still not paid the fee or provided the required statement.[2]

The Court also denies the petition on its merits. Respondents have shown that petitioner is *not* subject to immigration detention. On September 15, 2026, petitioner was charged in this Court with a drug offense by criminal complaint (Case No. 26-20121-2), and he was arrested and remanded to custody the following day. On September 30, 2026, petitioner was indicted in this Court on drug charges. He is presently a pretrial detainee in the custody of the federal Marshals Service (and has been transferred to FCI-Leavenworth). Respondents state that there is no record of pending immigration proceedings involving petitioner. Accordingly, petitioner cannot establish the premise of his claims challenging

---

[1] In their answer, respondents noted that petitioner had been transferred to another facility, and they served their answer on petitioner at the new facility. The service copy of this Court's show-cause order was sent to petitioner's original facility and returned as undeliverable. Nevertheless, petitioner has not provided notice to this Court of a new address, as required by rule. *See* D. Kan. Rule 5.1(c)(3). Nor has petitioner filed anything in reply to respondents' brief.

[2] Accordingly, the Court denies the motion to proceed *in forma pauperis* (Doc. # 3).

his immigration detention. Nor has petitioner alleged any basis to challenge his pretrial detention by federal officials,[3] and any such challenge would need to be asserted in his criminal case at any rate. *See Green v. Richardson*, 2009 WL 4049973, at *2-3 (D. Kan. Nov. 20, 2009) (federal pretrial detainee must exhaust remedies in criminal case); *see also Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014) (same).

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed *in forma pauperis* (Doc. # 3) is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[3] In his criminal case, petitioner, through his counsel, waived his right to bond or a detention hearing, and he waived his right to a preliminary hearing.